UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIFFORD DAMIANO,
                               Plaintiff,

v.                                                     1:08-CV-1247
                                                    (FJS/GHL)
MICHAEL J. ASTRUE, *in his Official Capacity as
Commissioner of the Social Security Administration*,
                                Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LEGAL AID SOCIETY OF                 MARY MARTHA WITHINGTON, ESQ.
NORTHEASTERN NEW YORK
*Counsel for Plaintiff*
112 Spring Street
Suite 109
Saratoga Springs, NY 12866

SOCIAL SECURITY ADMINISTRATION     VERNON NORWOOD, ESQ.
Office of Regional General Counsel - Region II   Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

### I.     BACKGROUND

#### A.     Procedural History

On March 17, 2005, Plaintiff Clifford Damiano applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Administrative Transcript ("T") 25, 46. On

---

[1] This matter was referred to me for report and recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

August 18, 2005, his applications were denied by the Social Security Administration.  T 33-36.  On September 11, 2007, a hearing was held before an Administrative Law Judge ("ALJ").  T 261-80.  On January 14, 2008, the ALJ determined that Plaintiff was not disabled.  T 15-23.

Plaintiff appealed to the Appeals Council.  T 14.  On September 16, 2008, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  T 6-9.  Plaintiff commenced this action on November 19, 2008.  Dkt. No. 1.

### B. The Contentions

Plaintiff makes the following claims:

1. The ALJ erred by failing to find that Plaintiff's major depressive disorder, panic disorder, and generalized anxiety disorder met listed impairments.  Dkt. No. 9 at 15-18.

2. The ALJ erred by failing to consider Plaintiff's mental and physical impairments in combination.  Dkt. No. 9 at 18-22.

3. The ALJ erred by failing to afford appropriate weight to Plaintiff's subjective complaints.  *Id.*

Defendant disagrees, and argues that the decision should be affirmed.  Dkt. No. 10.

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

2

last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

3

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.*

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

### III.   THE PLAINTIFF

At the time of the administrative hearing, Plaintiff was forty-seven years old.  T 45, 261.  He lived alone in an apartment.  T 264.  He has a bachelors degree from State University of New York.  T 273.  He later took visual art classes at Adirondack Community College.  *Id.*  He last worked as a lead technician at a print house in Seattle, Washington.  T 271.  He worked in that position for more than fifteen years.  T 264.  He states that he stopped working because he suffered physical injuries as a result of being "beaten up" by a then-roommate.  T 265.

Plaintiff alleges disability due to chronic depression, general anxiety disorder, post-traumatic stress disorder, and chronic fatigue syndrome.  T 50.  He also stated at the hearing that he suffered from headaches, stomach-aches, back pain, "constant" panic attacks, and depression.  T 266.

### IV.   THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since the alleged onset date, February 21, 2001.  T 19.

5

2. Plaintiff's low back pain, anxiety, depression, and a history of substance abuse in remission were severe impairments.  T 20.

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  T 20.

4. Plaintiff had the residual functional capacity ("RFC") to perform light work in "simple low stress jobs."  T 21.

5. Plaintiff was unable to perform his past relevant work, but in light of the Medical-Vocational Guidelines, Plaintiff was not disabled.  T 21-22.

## V. DISCUSSION

### A. Listed Impairments

Plaintiff argues that the ALJ erred by failing to find that his conditions met or medically equaled Listing 12.04 (Affective Disorders) and 12.06 (Anxiety-Related Disorders).  Dkt. No. 9 at 15-18.  Defendant argues that the ALJ properly determined that Plaintiff's conditions met no listed impairment.  Dkt. No. 10 at 11-15

A claimant is automatically entitled to benefits if his or her impairment(s) meets criteria set forth in "the Listings."  20 C.F.R. § 404.1520(d).  The burden is on the plaintiff to present medical findings that show that his or her impairments match a listing or are equal in severity to a listed impairment.  *Zwick v. Apfel*, No. 97 Civ. 5140, 1998 WL 426800, at *6 (S.D.N.Y. July 27, 1998).  In order to show that an impairment matches a listing, the claimant must show that his or her impairment meets all of the specified medical criteria.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 404.1525(d).  If a claimant's impairment "manifests only some of those criteria, no matter how severely," the impairment does not qualify.  *Sullivan*, 493 U.S. at 530.

However, in cases in which the disability claim is premised upon one or more listed impairments of appendix 1, "the Secretary should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment." *Berry*, 675 F.2d at 469. While a court may be able "to look to other portions of the ALJ's decision" and to "credible evidence" in finding that his determination was supported by substantial evidence, the Second Circuit has noted that "[c]ases may arise, however, in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record . . . . In such instances, we would not hesitate to remand the case for further findings or a clearer explanation for the decision." *Id.* (citations omitted). Thus, while an ALJ is not obligated to address specifically each piece of evidence in his decision, *Jones v. Barnhart*, No. CV-04-2772, 2004 WL 3158536, at *6 (E.D.N.Y. Feb. 3, 2004), he is not excused from addressing an issue central to the disposition of the claim. *See Ramos v. Barnhart*, No. 02 Civ. 3127, 2003 WL 21032012, at *10 (S.D.N.Y. May 6, 2003) (citing, *inter alia*, *Ferraris*, 728 F.2d at 587 ("We of course do not suggest that every conflict in a record be reconciled by the ALJ or the Secretary but we do believe that the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.")).

Here, the ALJ concluded that while Plaintiff has some severe impairments, those impairments were not severe enough to meet or medically equal one of the listed impairments (steps two and three). T 20. However, the ALJ failed to set forth a supporting rationale, as required.

To the extent that the ALJ reviewed some evidence before making the step three finding,

7

he reviewed evidence that might be viewed as *supporting* Plaintiff's position that he meets or medically equals a listed impairment.  For instance, the ALJ noted that (1) RFC assessments completed by disability review physicians indicate that Plaintiff had slight to moderate limitations of mental functioning; (2) consultative psychologist Todd Knuts, Psy. D., diagnosed Plaintiff as suffering from moderate-to-severe major depressive disorder, panic disorder, and generalized anxiety disorder with sustained remission of alcohol dependence; (3) Plaintiff treated for two years at Glens Falls Hospital where his anxiety and depression remained unchanged despite medication; and (4) Paul Schulze, Psy. D., diagnosed Plaintiff as suffering from depression with panic disorder without agoraphobia, and alcohol abuse in remission, and found that Plaintiff's symptoms included social anxiety and avoidant behaviors, and that Plaintiff had a limited ability to understand, remember, and sustain concentration.  T 19-20.  Thus, it is unclear on what evidence the ALJ relied because he failed to set forth a supporting rationale, and he reviewed some evidence that might be viewed as supporting Plaintiff's position.

Moreover, the Court has looked to other portions of the ALJ's decision and is unable to conclude that his step three finding was supported by substantial evidence.  *See Berry*, 675 F.2d at 469 (finding that a court may be able "to look to other portions of the ALJ's decision . . . in finding that his determination was supported by substantial evidence . . . .").

Defendant argues that the ALJ properly determined that no listing was met.  Dkt. No. 10 at 11.  Defendant relies principally on a Psychiatric Review Technique form completed by Richard Weiss, M.D., a "State agency review consultant," to support his argument that Plaintiff does not meet a listed impairment.  *Id.* at 13.  However, the ALJ mentioned this report only very

briefly in his decision and never stated that he specifically relied on the report. Further, the report might be viewed as supporting Plaintiff's position.[2]

Therefore, it is unclear on what evidence the ALJ relied in making the step three determination. Accordingly, the Court recommends remand. *See Hunt v. Astrue*, No. 6:06-CV-99, 2008 WL 3836406, at *10 (N.D.N.Y. Aug. 13, 2008) (Kahn, J.) (remanding where the ALJ failed to provide sufficient rationale in support of his finding that the "B" criteria of Listing 12.04 was not met). On remand, the ALJ shall set forth a sufficient rationale in support of his decision to find or not to find a listed impairment.

**B.      Residual Functional Capacity**

Plaintiff argues that the ALJ failed to consider his mental and physical impairments in combination, and failed to properly assess his credibility. Dkt. No. 9 at 18-22. In essence, Plaintiff is challenging the RFC determination. Defendant argues that the ALJ correctly assessed the Plaintiff's RFC, and Plaintiff's credibility. Dkt. No. 10 at 15-20.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomology, including pain, and other limitations which could interfere with work activities on a regular and continuing basis. *Id.*; *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999).

To properly ascertain a claimant's RFC, an ALJ must therefore assess plaintiff's exertional

---

[2] The report indicated that Plaintiff had slight to *moderate* limitations of mental functioning. T 144-62.

9

capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. *Id.*; 20 C.F.R. §§ 404.1545(b), 404.1569a. Nonexertional limitations or impairments, including impairments which result in postural and manipulative limitations, must also be considered. 20 C.F.R. §§ 404 .1545(b), 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions which the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris*, 728 F.2d at 587). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150 (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Sobolewski v. Apfel*, 985 F. Supp. 300, 309-10 (E.D.N.Y. 1997).

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *1 (S.S.A. 1996).

In making the step four determination, the ALJ concluded that with regard to exertional abilities, Plaintiff retained the RFC to perform light work.[3] T 21. He "noted" that Albert

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §

Paolano, M.D., whom the ALJ incorrectly identified as a treating physician, opined that Plaintiff could lift twenty pounds frequently, and sit, stand, or walk for six hours during an eight-hour day. *Id.* The ALJ noted that this opinion was "consistent" with light work. *Id.*

To the extent that the ALJ relied on Dr. Paolano's opinion in determining Plaintiff's exertional abilities, which is the position taken by Defendant, Dkt. No. 10 at 15, the ALJ disregarded Dr. Paolano's findings that Plaintiff was unable to sit, stand, or walk without interruption for more than one hour at a time, and that Plaintiff needed "rest periods about every hour" due to *back and ankle pain*. T 221. Indeed, Dr. Paolano stated, "*I think the patient would have difficulty standing, walking or lifting objects much more than 20 pounds for a long duration of time.*" T 218-19 (emphasis added). The ALJ inexplicably failed to discuss why he relied on some findings from Dr. Paolano, but disregarded other findings. This disregard is perplexing considering that the ALJ found that Plaintiff's low back pain was a severe impairment. T 20.

Defendant also claims that the exertional portion of the RFC determination was based on Plaintiff's own statements. Dkt. No. 10 at 15. He points out that Plaintiff testified that he could sit and stand for a "few hours" continuously. *Id.* at 16 (citing T 269). However, Plaintiff *also* testified that he can walk *only* fifteen minutes at a time. T 269. I note that light jobs require "*a good deal of walking* or standing." 20 C.F.R. § 404.1567(b). Thus, Plaintiff's own statements do not support the RFC determination.

Moreover, it is unclear how the RFC determination was based on Plaintiff's own statements when the ALJ found that Plaintiff's statements were not entirely credible. T 21. In

---

404.1567(b).

any event, I note that, based on the following, the ALJ failed to follow the proper procedure for evaluating Plaintiff's credibility.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage,

effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

Here, the ALJ provided the following brief credibility analysis:

> The undersigned considered the claimant's testimony and demeanor at the hearing and found it to be not entirely credible. The medical evidence documents the presence of the impairments that the claimant alleges, but does not support hi[s] allegation of disability. Although the claimant testified that he can stand 2 hours, walk 15 minutes and cannot sit for any time at all and can lift and carry only 10 pounds, his allegations are not supported by the aforementioned clinical findings.

T 21.

The ALJ failed to engage in the required two-step analysis. Moreover, as argued by Plaintiff, Dkt. No. 9 at 20-21, the ALJ's decision does not accurately reflect Plaintiff's testimony. For instance, first, the ALJ stated that Plaintiff testified that he could stand for two hours. T 21. However, Plaintiff stated that he could stand for three hours. T 269. Second, the ALJ stated that Plaintiff testified that he could not sit for any time at all. T 21. However, Plaintiff stated that he could sit for a "few hours," but then would need to "get up and stretch." T 269. Third, the ALJ stated that Plaintiff testified that he could "lift and carry only 10 pounds." T 21. However, Plaintiff never testified regarding his ability to carry. Accordingly, the Court is unable to find that the ALJ properly assessed Plaintiff's credibility.

In sum, the Court is unable to find that the RFC determination is supported by substantial

13

evidence. Therefore, the matter should be reversed and remanded.

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED, and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 7, 2010
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

14